REYNOLDS et al. v. UNITED STATES.

(District Court, D. South Dakota, W. D. June 14, 1913.)

INDIANS (§ 13*)—INDIAN LANDS—ALLOTMENTS—PERSONS ENTITLED.

    Plaintiff E. was a member of a band of the Sioux Tribe of Indians, the daughter of a full-blooded Indian and a white father. She was born within the reservation in 1866, where she lived with her mother, and affiliated with the Indians, and was recognized as a member of the tribe, until 1877, when she was taken from the reservation by her father for education. She then severed her relations with the tribe, adopted the customs and habits of civilization, and later married a white man in 1881, and continued to live separate and apart from the Indians. She never again affiliated with her mother, who continued to live among the Indians until her death, though E. visited her mother on different occasions. E.'s children never affiliated with the Indians, in any manner, and were never recognized by the Indians nor the officers of the government as members of the Sioux Tribe or Nation. *Held*, that E., though having abandoned her tribal relations and adopting the habits and manners of civilized life, was entitled to share in tribal property, and therefore to an allotment of Indian lands, but her children were not.

    [Ed. Note.—For other cases, see Indians, Cent. Dig. § 30; Dec. Dig. § 13.*]

Action by Estella Lizzie Reynolds, for herself and her four minor children, Louis P., George M., Naomi E., and Russell O. Reynolds, against the United States, to secure for herself and her children al-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lotments of certain lands under Indian treaties and the acts of Congress ratifying the same. Allowed in part, and denied in part.

James A. George, of Deadwood, S. D., for plaintiffs.

Charles J. Morris, U. S. Dist. Atty., of Sioux Falls, S. D.

ELLIOTT, District Judge (orally). This action is brought by the plaintiff Estella Lizzie Reynolds, for herself and her minor children above named, to secure for herself and for them allotments of certain lands described in the bill of complaint herein, to which they claim title.

The right of these plaintiffs to maintain this action in this court under the statutes of the United States is conceded by all parties to this action. The claim of the plaintiffs, in short, is that the allotments referred to in the bill of complaint are claimed by the plaintiffs as members, by blood, of the Sioux tribe of the Indian Nation; Estella Lizzie Reynolds being of the half blood, and her children being of the quarter blood.

I find from the record in this case:

That the plaintiff Estella Lizzie Reynolds was born in the Indian country, near Ft. Laramie, within what was then Indian country, in the year 1866, the issue of a marriage between her mother, a full-blood Indian, named Blue Blanket, and her father, a white man, named Oliver P. Goodwin.

That said Blue Blanket was a member of the Sioux Tribe of Indians, and of the Ogallala band, at the time of the birth of plaintiff Estella Lizzie Reynolds.

That plaintiff Estella Lizzie Reynolds continued to live with her mother at the place of her birth and within the said Sioux reservation until after the ratification of the treaty of A. D. 1868 between the said Indians and the United States, and was at the time of the making and ratification of said treaty a member of said tribe of Indians, living with and affiliating with them, both she and her mother recognized as members of the tribe.

That for a short time thereafter her father, mother, and herself and sisters went to Colorado, but returned to the Indian country and resided with said Indians and affiliated with said tribe of Indians at what was known as the "Sod Agency" for an indefinite period from 1872 to 1874, and during that period drew rations and were treated in all respects as members of this band and tribe of Indians.

That thereupon the father, mother, and this plaintiff, Estella Lizzie Reynolds, together with her sisters, removed at the time of the breaking up of the said Sod Agency, in 1874, to a place in Wyoming near where she was born, which at that time was outside of the Indian country, and not a part of the reservation.

That her mother, Blue Blanket, died September 27, 1875, and she and one of her sisters returned to what is now the Pine Ridge Agency, and lived with her grandmother, Mrs. Robinson, and an aunt, a sister of her mother, for an indefinite period, stated at from one year and a half to two years, and during that time drew rations and were in all respects recognized as members of the tribe and treated as other In-

dians, members of such tribe, both by the Indians and the officers of the government of the United States.

That in the spring of 1877 plaintiff Estella Lizzie Reynolds was taken from the said Indian reservation back to the said home of her father for the purpose of educating her and sending her to school, and she thereupon severed her relations with said tribe of Indians that had theretofore existed, and thereupon adopted the customs, habits, and manners of civilized life, and was married to her present husband, William Reynolds, a white man, November 24, 1881, and thereafter continued to live separate and apart from said Indian tribe.

That plaintiff Estella Lizzie Reynolds, with her husband, William Reynolds, have lived in the vicinity of Lusk, Wyo., ever since their marriage, 30 years ago last November, within civilization, and not within any reservation, and she has not been affiliated with the said Indians, or any band thereof, and since the year 1877 the said plaintiff has not maintained any tribal relations with the Ogallala band of Indians, or Sioux Nation, and has not been recognized by said Indians as a member of said band or tribe.

That she was born in the Sioux Indian country, near Ft. Laramie, at a time when it was within the Indian country, of a full-blood Indian mother and a white father, and her mother continued to affiliate with the said band of Indians to which she belonged, and was recognized by them as a member of such band, during the entire time after the birth of said plaintiff until the death of her mother, Blue Blanket, in 1875.

And the said plaintiff Estella Lizzie Reynolds upon the death of her mother continued to maintain her tribal relation with the Ogallala band of Sioux Indians until the spring of the year 1877, when she was taken to the home of her father in Wyoming, off the reservation, where she grew to womanhood and in A. D. 1881 was married to her present husband, William Reynolds, a white man, where she has ever since lived, separate and apart from said Indians, and said band of Indians, not recognized by them as a member of said band or tribe.

That said minor plaintiffs are the issue of the marriage between the plaintiff Estella Lizzie Reynolds and her said husband, William Reynolds, and were born and reared in the vicinity of Lusk, Wyo., never were enrolled or recognized as members of the Ogallala band, or any other band, of the Sioux Tribe of Indians, and neither of them has ever maintained any relation with said tribe of Indians.

That the said Estella Lizzie Reynolds adopted the customs, habits, and manners of civilized life in the year 1877, and at that time ceased to be recognized as a member of the Ogallala band, or of any band, of the Sioux Tribe of Indians.

That she has from time to time exchanged visits with members of her family who are members of that tribe, but these visits did not occur often and were confined to relatives.

That plaintiff Estella Lizzie Reynolds was a member of the Ogallala band of the Sioux Tribe of Indians, born into the tribe, and her relation therewith continued until the spring of 1877, when she voluntarily abandoned the tribal relation and adopted the customs, habits, and

manners of civilized life, and has not since that time been recognized by the Indians or by the government as a member of said band, or any band, of the Sioux Nation.

That the other plaintiffs, Louis P. Reynolds, George M. Reynolds, Naomi E. Reynolds, and Russell O. Reynolds, never were members of the Ogallala band, or any other band, of the Sioux Nation of Indians, never affiliated with said Indians in any manner, and have never been recognized either by the Indians or the officers of the government as members of said tribe or nation.

Having determined the foregoing as the facts upon the issues submitted, I conclude that the plaintiff Estella Lizzie Reynolds, having been born within the territorial limits of the Sioux Indian Reservation, and having lived within said reservation with her mother, Blue Blanket, a full-blood Indian woman, both of them recognized as members of the tribe at the time of the treaty of 1868, and that relation having continued by the mother for herself and for said plaintiff until her death in 1875, and by the plaintiff herself until 1877, notwithstanding the fact that she at that time voluntarily took up her residence in Wyoming, separate and apart from said tribe of Indians, and adopted the habits of civilized life, she did not thereby affect her right, as an Indian, a member of said tribe and nation, to tribal or other property.

It is my understanding that the act of February 8, 1887, expressly recognized the rights of individual Indians, who have abandoned tribal relations and have adopted the habits and manners of civilized life, to share in tribal property. This is sustained by the opinion of Circuit Judge Vandevanter in Oakes et al. v. United States, 172 Fed. 305, 97 C. C. A. 139.

Wherefore I am of the opinion that the plaintiff Estella Lizzie Reynolds is entitled to an allotment of land, pursuant to the provisions of the treaties with said Indians and the acts of Congress referred to in the bill of complaint herein. Let judgment be entered accordingly, specifying the amount selected by complainant Estella Lizzie Reynolds, for herself only, the amount to which she is entitled under the provisions of the treaties and statutes, together with the description of the land she has selected.

I am further of the opinion that the plaintiffs Louis P. Reynolds, George M. Reynolds, Naomi E. Reynolds, and Russell O. Reynolds, who never were members of any tribe of the Sioux Nation, have never affiliated in any way with them, or any band thereof, have never been recognized by any tribe or band or by the government of the United States as members thereof, born of a half-blood Indian woman, who was not at the time of their birth recognized as a member of any tribe or band of the Sioux Nation, but who, prior to their birth, had abandoned her tribal relations that had theretofore existed, and had adopted the customs, habits, and manners of civilized life, cannot derive any benefit from any of the treaties or acts of Congress referred to in the bill of complaint herein, and the bill of complaint, as to these separate plaintiffs, should be dismissed, with costs.

Let judgment be entered accordingly.